UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-cv-62383-KMW

LINDA ROBINSON,

    Plaintiff,

vs.

DOLGENCORP, LLC d/b/a
DOLLAR GENERAL,

    Defendant.
_____/

## CONFIDENTIALITY AGREEMENT
## AND STIPULATED PROTECTIVE ORDER

    WHEREAS the undersigned Parties recognize that certain records, documents, files, and information to be produced in this case pursuant to discovery and motion practice may contain confidential or proprietary business or personal information, the Parties to the above-captioned action have agreed, through their respective counsel, to protect against the disclosure and dissemination of such information (hereinafter called "Confidential Information") by means of this Confidentiality Agreement and Stipulated Protective Order ("Protective Order").

    WHEREFORE, it is hereby stipulated and agreed by and between Plaintiff Linda Robison ("Plaintiff") and Defendant Dolgencorp, LLC ("Dollar General" or "Defendant"), through their respective counsel and subject to the approval of the Court, that:

    1.    The following categories of information or documents produced by any Party during the course of this action by way of answers to interrogatories, production of documents, depositions or other avenues of discovery, whether compelled or voluntary, is Confidential Information and shall be subject to the further provisions of this Protective Order:

(a) Dollar General pricing and marketing strategies and characteristics, revenue, profit margins, procedure manuals, handbooks, job descriptions, policies, certificates, investigatory training/techniques, software systems, organizational charts and customer information;

(b) Dollar General transaction and demographic information, and sales and accounting data;

(c) Contracts, agreements, insurance policies, letters, memoranda, correspondence, e-mails, or other documents, information or communications relating to any interactions between Dollar General and customers or other third parties;

(d) Performance, disciplinary, wage, salary, payroll, medical, workers' compensation claims history; insurance or benefit claim history and other personnel information for former or current Dollar General employees other than Plaintiff.

(e) Any personal information about any Party or any current or former employee of Dollar General that is not directly relevant to the claims and defenses raised in this litigation.

(f) Any similar confidential or proprietary business or personal data or other information designated as "Confidential" by a Party.

2. The Parties, in complying with discovery requests served upon them in this litigation or upon voluntarily producing any documents, information or other items, may designate any portion of any document, information or other item as "Confidential" because it contains material claimed to be Confidential Information. Any portions of any documents, information or other items so marked "Confidential" shall be subject to this Protective Order and shall be used only for purposes of this litigation. Materials designated "Confidential" and covered by this Protective Order may be disclosed only to: (a) Counsel of record appearing for a

Party in this case; (b) Counsel of record's paralegals and other law firm employees in counsel of record's office, as necessary for the prosecution, defense, settlement or appeal of this litigation; (c) a Party; and (d) any officer, manager, or employee of Dollar General.

3. If oral information or testimony containing alleged Confidential Information is required to be given by a deponent at a deposition in this proceeding, that Confidential Information shall only be given to a person described in paragraph 2 of this Protective Order. If the deposition is transcribed, the Party seeking confidentiality shall receive a copy of the transcript and may designate as "Confidential" those relevant portions of it. The Party seeking confidentiality shall have thirty (30) business days after receipt to make such a designation, until that time period lapses or until such designation has been made, whichever occurs sooner. Thereafter, disclosure of those parts of the transcript designated "Confidential" shall be restricted to the witness and those permitted access to such Confidential Information under paragraph 2 above, as applicable.

4. A Party who desires to challenge the designation of Confidential Information by another Party shall give the Party seeking confidentiality ten (10) days written notice of the challenge, and the Parties shall confer in good faith to resolve any dispute prior to the Challenging Party seeking relief from the Court.

5. A Party who desires to disclose Confidential Information covered by this Protective Order to an individual, to whom disclosure is not expressly permitted under the restrictions of paragraph 2 above, may only disclose such Confidential Information upon Order of the Court or upon the express written consent of the Party seeking confidentiality. The Party seeking to make such a disclosure shall give the Party seeking confidentiality ten (10) days

written notice of the need to disclose such Confidential Information, and the Parties shall confer in good faith to resolve any dispute prior to seeking relief from the Court.

6. Confidential Information covered by this Protective Order shall not be included in pleadings, motions, briefs or other filings except if filed under seal or in a redacted form which, prior to the filing, has been designated in writing as acceptable by counsel for the Party seeking confidentiality. If Confidential Information is included in a pleading, motion, brief or other filing, the Party submitting the Confidential Information shall place the Confidential Information under seal and shall conform to all applicable court rules for the filing of such information under seal.

7. No person granted access to documents or information covered by the provisions of this Protective Order shall copy or reproduce any portion thereof, except for such copies as needed for discovery, pleadings, motions or briefs, or as needed by Counsel for a Party to maintain records for the prosecution, defense, settlement or appeal of this litigation.

8. Counsel shall: (a) Provide a copy of this Protective Order to each and every person to whom a disclosure is made; (b) request that such person read the provisions of the Protective Order; (c) advise such person of the restraint imposed upon him or her as set forth in paragraph 2 of this Protective Order; (d) request that such person sign a copy of the attached Agreement to Respect Confidential Information; and (e) retain a copy of each signed Agreement to Respect Confidential Information for the duration of this litigation. At the termination of this litigation, counsel shall upon request provide to opposing counsel on request, copies of all such signed Agreement(s) to Protect Confidential Information.

9. Except as provided above, this Protective Order shall not prevent any Party from applying to the Court for relief therefrom or from applying to the Court for further or additional

protective orders, or from the Parties agreeing to modification of this Protective Order, subject to the approval of the Court. Nothing in this Protective Order shall be deemed to limit a Party's right to oppose discovery on any other ground.

10. The method for handling information designated "Confidential" at the trial of this matter shall be resolved between the Parties after they have determined what, if any, Confidential Information they wish to present or use at trial, subject to approval by the Court. Any Party may apply to the Court for appropriate relief should agreement not be reached.

11. The provisions of this Protective Order shall remain in full force and effect following conclusion of this litigation. At that time, counsel shall return to the opposing counsel, upon request, all discovery, information, documents and copies thereof subject to this Protective Order.

ENTERED AND ORDERED, this ___ day of May, 2012 at Fort Lauderdale, Florida.

_____
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT "A"**

**AGREEMENT TO RESPECT CONFIDENTIAL INFORMATION**

I am fully familiar with the provisions of the Confidentiality Agreement and Stipulated Protective Order ("Protective Order") entered on _____ of May, 2012, in *Linda Robinson v. Dolgencorp, LLC,* Case No. 11-CV-62383-KMW, a copy of which has been delivered to me to keep with my copy of this signed Agreement. I agree to be bound by all terms of the Protective Order and covenant not to use or disclose any "Confidential" documents or information disclosed to me except as set forth in the Protective Order.

_____
(Signature)

_____
(Name Printed)

_____
(Street Address)

_____
(City, State, Zip Code)